**UNITED STATES of America, Plaintiff,**

v.

**Dagoberto GONZALEZ, Defendant.**

**No. 86–715–Cr.**

United States District Court,
S.D. Florida.

July 20, 1987.

Jonathan Goodman, Asst. U.S. Atty., S.D. Fla., Miami, Fla., for plaintiff.

William Castro, Miami, Fla., for defendant.

## ORDER AFFIRMING THE MAGISTRATE'S GRANTING MOTION TO SUPPRESS

HASTINGS, District Judge.

THIS CAUSE comes before the Court on Defendant's Motion to Suppress and appeal from the Magistrate's recommendation to grant the motion. After careful consideration of the motion, response, memoranda, transcript of the hearing before Magistrate

Patricia J. Kyle on February 9, 1987 and being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. The facts are undisputed. The defendant was driving his automobile when he was stopped by Deputy United States Marshals who had observed what they thought was a fugitive they were attempting to locate. When the United States Marshals approached the Defendant's car, they identified themselves, and told the Defendant that his car looked similar to one that had been reported stolen. That statement was not, in fact, accurate because the Marshals observed that the Defendant was not the fugitive in question as they approached the car, and in order to refrain from revealing the nature of their surveillance, they made up this cover story. The Marshals then ran a radio warrants check with Dade County Warrants Bureau, which revealed that an outstanding warrant for violation of probation existed against this Defendant. The Marshals, however, were unaware that the information about an outstanding warrant was incorrect, as it had been quashed or closed approximately sixteen months prior to this incident, but was not so noted on the computer.

The Marshals continued to proceed under the belief that there was an outstanding warrant for Defendant, and placed him under arrest. Subsequently, the Marshals conducted a search of Defendant's car, where they recovered a pistol. Defendant was then indicted under 18 U.S.C. Appendix II, Section 1201(a), charging him with possession of a firearm as a convicted criminal.

2. The sole issue to be decided is whether evidence seized incident to an arrest, which was based wholly upon erroneous information supplied by the law enforcement authorities themselves, should be suppressed.

Magistrate Kyle recommended suppressing the evidence, as "I do not believe that *United States v. Leon*[1] and *Illinois v. Gates*[2] and *United States v. Williams*[3] can be strictly applied in this case." Transcript of Hearing, February 9, 1987, p. 15. Although federal law applies in deciding this issue, the state courts in Florida have aided in interpreting the law in this area. "The exception to the exclusionary rule stated in *Leon* specifically applies to a case in which 'an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope.'" *Albo v. State*, 477 So.2d 1071, 1073 (Fla. 3rd D.C.A. 1985), citing *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984). "Plainly, these considerations have no effect upon a case like [the case at bar] ... in which no judicial determination was involved and the arrest was based instead wholly upon erroneous information supplied by the law enforcement authorities themselves." *Albo* at 1073.

In the instant case, the Dade County Warrants Bureau, which is a law enforcement branch, supplied erroneous information to the Marshals. This error, although not due to any negligence on the part of the arresting officers, was caused by an agency which is heavily relied upon by law enforcement officers.

The Court in *Albo* commented on the policy considerations of suppressing evidence:

> The purpose of the exclusionary rule is to deter improprieties of *any* arm of the police which impact upon private rights, it does not matter, as it certainly did not matter to the unlawfully arrested Mr. Albo, whether the "fault" in keeping his records lay with the City of Miami Police Department or the Division of Driver Licenses, which is a part of the Department of Highway Safety and Motor Vehicles, an executive agency which exercises law enforcement authority.

1. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

2. *Illinois v. Gates* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

3. *United States v. Williams,* 622 F.2d 830 (5th Cir.), cert. denied, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981).

. . . .

Our decision is meant to inspire the correction of records, or at least eliminate any reliance upon uncorrected ones, no matter what law enforcement entity is responsible.

*Albo* at 1075 n. 5 (emphasis added).

Based upon the foregoing law and policy considerations, this Court finds that the motion to suppress is GRANTED and the magistrate's recommendation is AFFIRMED, with regard to the seized gun.